# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS THOMPSON, #B67474, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-00288-SMY |
| WEXFORD HEALTH SOURCES INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dennis Thompson, currently in the custody of the Illinois Department of Corrections and incarcerated at Menard Correctional Center, filed this civil rights action claiming Defendants were deliberately indifferent to his serious medical needs. The case is presently before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 47), Motion to Relate (Doc. 24), Motion for Recruitment of Counsel (Docs. 25, 53), Motion for Court Order for Leave to Conduct Discovery (Docs. 52, 55), and other related motions.

## Motion for Leave to File Amended Second Complaint

Following preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

Count 1: Defendants Lashbrook, Dr. Siddiqui, and Crain violated the Americans with Disabilities Act ("ADA") by delaying or denying his access to an assisted walking device and appropriate housing.

Count 2: Eighth Amendment deliberate indifference to Plaintiff's shoulder and spine problems for continuing treatment known to be ineffective against Lashbrook and Dr. Siddiqui.

Count 3: First Amendment retaliation by Lashbrook and Dr. Siddiqui for Plaintiff's repeat medical litigation and grievances.

1

| | |
|---|---|
| Count 4: | Violation of Illinois tort laws (735 ILCS § 5/2-622) via medical malpractice and negligence by Dr. Siddiqui and Wexford. |
| Count 5: | Eighth Amendment deliberate indifference against Wexford for employing doctors who did not provide adequate care or seek outside care. |
| Count 6: | Eighth Amendment deliberate indifference against Dr. Siddiqui and Wexford for failing to treat Plaintiff's morbid obesity or food and sugar addiction. |

(Doc. 7). Plaintiff subsequently filed a Motion for Leave to File a Second Amended Complaint (Doc. 47) and submitted a proposed Second Amended Complaint.

Under Federal Rule of Civil Procedure 15(a)(1)(A), "a party may amend its pleading once as a matter of course within [] 21 days after serving it." Otherwise, pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff's motion to amend was filed more than 21 days after service of the Complaint and the Defendants oppose the filing of an amended complaint.

The Second Amended Complaint is subject to review under 28 U.S.C. § 1915, which requires the Court to screen prisoner Complaints and any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). Additionally, a district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993).

In the proposed Second Amended Complaint, Plaintiff alleges that Dr. Siddiqui violated his Eighth Amendment rights when he continued a treatment against the advice of a physical therapist and which he knew severely exacerbated Plaintiff's shoulder degenerative joint disease, ultimately leading to Plaintiff's shoulder degenerative joint disease to advance from mild to severe. (Proposed Second Amended Complaint, pp. 20-23). Specifically, Plaintiff alleges that Dr.

2

Siddiqui told him on March 26, 2019 that he did not care about Plaintiff's pain and that he would not discontinue physical therapy. (*Id.* at p. 21). Plaintiff further alleges that upon completing physical therapy, he was referred for an MRI and orthopedic evaluation. (*Id.*). The exhibits attached to Plaintiff's Proposed Second Amended Complaint show that the MRI was taken on August 8, 2019 and that his appointment with the orthopedic specialist took place on September 9, 2019. (*Id.* at pp. 55-58). He seeks to add a Count 7 and to amend the deliberate indifference claim in Count 2 and the retaliation claim in Count 3 based on these allegations. (Doc. 47, p. 3).

Defendants argue it is unlikely that Plaintiff has exhausted his administrative remedies as to these claims against Dr. Siddiqui and, therefore, the new claims are futile. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing suit under Section 1983. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). However, the continuing violation doctrine provides that prisoners do not need to file multiple, successive grievances when they are complaining about the same issue if it is continuing. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). As such, it is possible that an additional grievance was not necessary as to the allegations of continuing deliberate indifference by Dr. Siddiqui. Moreover, it appears that Plaintiff's proposed Second Amended Complaint does not add a new claim but instead pleads violations and/or injuries resulting from allegations previously pled[1] with regard to the claims in Counts 2 and 3. For these reasons, Plaintiff will be granted leave to file the Second Amended Complaint. The Court does not find it necessary to amend the Counts previously designated in the merit review order.

---

[1] As this case progresses, it is not necessary for Plaintiff to seek to amend his complaint to the extent he discovers additional injuries that have resulted from the constitutional violations that he has pled. Instead, that information should be disclosed in discovery.

**Motion to Consolidate**

Plaintiff's Motion to Relate (Doc. 24) seeks to consolidate this case with his other pending case, *Thompson v. Thompson*, 3:17-cv-843-SMY.  Defendants oppose consolidation.  (Docs. 24, 29).  Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other order to avoid unnecessary cost or delay."  However, it is improper to consolidate cases that, even though they involve claims of the same nature, involve "different allegations and time frames." *King v. General Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992).

In this case, the issue of exhaustion has not been resolved and discovery on the merits is stayed.  On the other hand, Case No. 17-843 has been pending since August 2017 – merits discovery is near completion and dispositive motions are due to be filed.  As such, consolidation would result in undue delay as to Case No. 17-843.  And, although both cases involve claims of deliberate indifference to serious medical needs, the claims involve different facts and time frames.  Accordingly, Plaintiff's request to consolidate the cases will be denied.

**Discovery Motions**

Plaintiff's Motion for Court Order for Leave to Conduct Discovery on the merits (Doc. 52) and Motion to Clarify as to Merit Discovery (Doc. 55) will be denied.  Discovery on the merits is stayed until the issue of exhaustion of administrative remedies has been resolved as to all Defendants.  (Doc. 22, p. 5).  The issue has not been resolved as to Defendants Dr. Siddiqui and Wexford.  Thus, any motion filed regarding discovery on the merits will be summarily denied with leave to refile after the stay has been lifted.

**Motion for Recruitment of Counsel**

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654.

Plaintiff has provided letters from three attorneys declining to represent him in this matter, and has therefore demonstrated reasonable efforts to obtain counsel on his own. That said, this case is in the early stages of litigation and the Court finds that Plaintiff can proceed *pro se*, at least for now. At this time, discovery on the merits is stayed until the issue of whether Plaintiff exhausted his administrative remedies on his claims prior to filing this action is resolved. Through his pleadings and filings, Plaintiff has demonstrated that he has the ability to articulate clearly and effectively on his own behalf. The Court believes Plaintiff will be able to adequately communicate to the Court the steps he took to exhaust his remedies. Therefore, after consideration of the *Pruitt* factors, the Motion for Recruitment of Counsel (Docs. 25, 53) will be denied.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 47) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the Second Amended Complaint submitted by Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Relate (Doc. 24) is **DENIED**; Plaintiff's Motion for Court Order for Leave to Conduct Discovery on the merits (Doc. 52) and Motion to Clarify as to Merit Discovery (Doc. 55) are **DENIED**; and Plaintiff's Motion for

Recruitment of Counsel (Docs. 25, 53) is **DENIED**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 18, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**