IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS THOMPSON, # B67474,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 19-CV-00288-SMY |
| vs. | ) |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| et al., | ) |
| | ) |
| **Defendants.** | ) |

# <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Dennis Thompson filed the instant lawsuit pursuant to 42 U.S.C. § 1983 claiming Defendants violated his constitutional rights while he was incarcerated at Menard Correctional Center ("Menard"). This matter is now before the Court for consideration of Defendants Wexford Health Sources, Inc. and Mohammed Siddiqui, M.D.'s motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 63) as to the following claims:

> Count 3: First Amendment retaliation by Dr. Siddiqui for Plaintiff's repeat medical litigation and grievances.
>
> Count 6: Eighth Amendment deliberate indifference against Dr. Siddiqui and Wexford for failing to treat Plaintiff's morbid obesity or food and sugar addiction.

Plaintiff concedes the motion as to the claims against Dr. Siddiqui in Counts 3 and 6. (Doc. 68-1, p.2). He requests a dismissal without prejudice, which is proper. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice."). Plaintiff however disputes the motion as it pertains to the claim in Count 6 against Wexford. The Court finds that a hearing is not necessary and a ruling can be made on this issue

based on the written submissions of the parties.[1]

## Facts

Plaintiff filed a two-part, 4-page grievance (#40-1-16) on January 4, 2016. (Docs. 64-2, pp 181, 215, 223-227). In part 2, he complains that Wexford does not provide legitimate treatment for inmates with food disorders and seeks as relief "legitimate treatment from professionals who have experience treating obesity and food disorders." (Doc. 64-2, p. 226). A grievance officer responded to the grievance on March 30, 2016, including Plaintiff's complaint that Wexford does not offer legitimate treatment for offenders with eating disorders, and recommended the grievance be denied. (*Id.*, pp. 181). The CAO concurred with the denial on April 7, 2016. (*Id.*). The grievance was received by the ARB on April 25, 2016. It responded on October 11, 2016, denying the grievance as to gym issues and stating "your issue that Menard isn't treating your food addiction fails to comply with DR 504.810." (*Id.*, p. 215).

## Discussion

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about

---

[1] To the extent Plaintiff seeks to hold Wexford liable for the actions of Dr. Siddiqui, that claim would necessarily be dismissed with the claim against Dr. Siddiqui. However, Plaintiff also alleges that Wexford has a policy or practice of not offering treatment for inmates with eating disorders. This claim proceeds against Wexford in Count 6.

prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). An inmate in the custody of the Illinois Department of Corrections must follow the grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 Ill. Admin. Code § 504.800, *et seq*. He or she is required to file a grievance with the counselor within 60 days of the discovery of an incident, occurrence, or problem (first level review). 20 Ill. Admin. Code § 504.810(a). The grievance must contain factual details regarding each aspect of the prisoner's complaint, including what happened, when, where, and the name of the person who is the subject of the complaint, and, if the prisoner does not know the name, they must describe such person with as much detail as possible. 20 Ill. Admin. Code §504.810(c). If the complaint is not resolved through a counselor, the grievance may be submitted to a grievance officer (second level review) who must render a written recommendation to the CAO (usually the Warden). 20 Ill. Admin. Code § 504.830(e). The CAO then advises the inmate of the final decision on the grievance. *Id.*

If not satisfied with the decision of the CAO, an inmate may appeal to the ARB. 20 Ill. Admin. Code § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The appeal must be received by the ARB within 30 days after the date of the CAO's decision. 20 Ill. Admin. Code § 504.850(a). The inmate must attach copies of the Grievance Officer's report and the CAO's decision to his appeal. *Id.* The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination. 20 Ill. Admin. Code § 504.850(d) and (e).

Wexford argues that grievance #40-1-16 cannot exhaust Plaintiff's claim as to Count 6 because the ARB did not make a final determination on the merits but instead, concluded the issue that Menard was not treating Plaintiff's food addiction failed to comply with DR 504.810.

Plaintiff contends the ARB was incorrect and that he took all of the steps in the grievance process sufficient to exhaust the grievance.

The record reflects that Plaintiff properly and timely took each step in the grievance process for grievance #40-1-16. The ARB did not explain how the grievance failed to comply with DR 504.810, and it is unclear why the ARB denied reviewing Plaintiff's appeal on the merits. Moreover, an inmate need only exhaust remedies that are "available" to him. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001). Because Plaintiff timely appealed to the ARB, who inexplicitly refused to review his grievance on the merits, the Court finds that Plaintiff exhausted the administrative remedies available to him as to the claim against Wexford in Count 6.

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Wexford Health Sources, Inc. and Mohammed Siddiqui, M.D. (Doc. 63) is **GRANTED** as to Dr. Siddiqui and **DENIED** as to Wexford Health Sources, Inc. Plaintiff's claims against Dr. Siddiqui in Counts 3 and 6 are **DISMISSED** without prejudice for failure to exhaust administrative remedies.

The following claims remain in this case:

Count 1: ADA and/or RA claim against Defendant Jeffreys and Eighth Amendment deliberate indifference claim against Defendants Lashbrook, Dr. Siddiqui, and Crain for delaying or denying Plaintiff access to an assisted walking device and appropriate housing.

Count 2: Eighth Amendment deliberate indifference to Plaintiff's shoulder and spine problems for continuing treatment known to be ineffective against Lashbrook and Dr. Siddiqui.

Count 3: First Amendment retaliation by Lashbrook for Plaintiff's repeat medical litigation and grievances.

Count 4: Violation of Illinois tort laws (735 ILCS § 5/2-622) via medical malpractice and negligence by Dr. Siddiqui and Wexford.

Count 5: Eighth Amendment deliberate indifference against Wexford for employing doctors who did not provide adequate care or seek outside care.

Count 6: Eighth Amendment deliberate indifference against Wexford for its policy or practice of not offering treatment for inmates with eating disorders which resulted in a failure to treat Plaintiff's morbid obesity or food and sugar addiction.[2]

**IT IS SO ORDERED.**

**DATED: December 4, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**

---

[2] Count 6 is revised to clarify the claim against Wexford.